# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59517-6-II |
| Respondent, | |
| v. | |
| TRAVIS LEE GRAY, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Travis Gray appeals his conviction of attempted theft of a motor vehicle following a bench trial.

Jesse Acosta started his car and went back inside his house. When Acosta came back outside, he saw a man sitting in the car. Acosta confronted the man, who left. A surveillance video showed the man walking toward the car and away from the car. Sergeant David Clary of the Centralia Police Department testified that he recognized Gray as the man in the video based on Clary's previous contacts with Gray, who frequently had committed minor crimes in the Centralia area.

The trial court found Gray guilty based on Clary's testimony. At sentencing, Gray alleged that he had received ineffective assistance of counsel and asked the trial court to appoint new counsel for his appeal. The trial court did not expressly address ineffective assistance of

counsel. Instead, the court treated Gray's allegations as a motion to arrest judgment and denied the motion.

We hold that (1) Clary's testimony was sufficient to establish that Gray was the person who attempted to steal Acosta's vehicle, and (2) the trial court did not err in addressing Gray's ineffective assistance of counsel allegations at sentencing because Gray never moved for a new trial based on ineffective assistance of counsel. Accordingly, we affirm Gray's conviction.

FACTS

*Background*

In November 2019, Acosta started his car and left it running outside of his house while he went inside and prepared for work. While he was inside, Acosta heard the car's engine revving, and when he returned to the car he saw a man in the driver's seat. Acosta had not given anyone permission to be in or to drive his car. When confronted, the man left the area on foot.

A video camera at a nearby business recorded a man walking toward Acosta's car and then walking away from the car. Acosta identified the man on the video as the person who had been in his car. The police showed Acosta a photomontage. He thought that Gray might have been the man who had been in his car, but he was not certain.

The State charged Gray with attempted theft of a motor vehicle.

*Bench Trial*

The only issue at the bench trial was the identity of the person Acosta had seen in his car. The surveillance video and three still images from the video were admitted into evidence. Sergeant Clary viewed the video, which showed a man moving into and out of the frame, and the still images. Clary testified that he was able to identify the person in the video and still images as Gray.

Clary explained that he could identify Gray because of multiple contacts he previously had with Gray. Clary testified that Gray was a "frequent flyer[]," and he recalled Gray smashing a video camera and going into a vacant building. Rep. of Proc. (RP) (Apr. 25, 2024) at 22. Clary stated, "He was a person that was frequently committing crimes of that nature in the City of Centralia." RP (Apr. 25, 2024) at 22. Clary estimated that he had 12 to 20 official contacts with Gray between 2016 and 2019. Clary agreed that based on these numerous contacts with Gray, he was "comfortable" that the person in the video and still photographs was Gray. RP (Apr. 25, 2024) at 23. Gray did not object to any of this testimony as propensity evidence.

Acosta was able to identify the man in the video as the person who had been in his car. But he was unable to positively identify that person as Gray in court. Acosta said that the man had a white beard.

Clary later testified in Gray's case in chief that another witness had been unable to identify Gray as the suspect in a photomontage.

Gray was the only other defense witness. He testified that he was not in Washington at the time of the crime. In closing, defense counsel pointed out that Gray did not have a white beard either in court or in photographs admitted into evidence.

*Verdict*

The trial court found that Acosta's and Clary's testimonies were credible and that Gray's testimony was not credible. The trial court issued the following written findings of fact addressing the identification issue:

> 1.15 Sgt. Clary was familiar with the defendant through his contacts with the defendant in Sgt. Clary's official capacity.
>
> 1.16. Sgt. Clary estimated he had contact with the defendant between 12 and 20 times between 2016 and 2019.

3

1.17. Sgt. Clary viewed the video as well as screenshots from the video that showed the suspect that attempted to drive Jesse Aosta's vehicle. . . .

1.18. Sgt. Clary was able to identify the suspect as the defendant, Travis Gray.

Clerk's Papers (CP) at 10. The court concluded that Gray was guilty of attempted theft of a motor vehicle.

In its oral ruling, the trial court stated that it did not recognize the person in the video and that the still photographs from the video did not clarify the person's identity. The court also stated that it would be difficult for anyone to identify Gray from these images with any degree of certainty. But the court noted that security videos often made people appear different and that the video permitted viewers to see how the person moved and other similar things. The court then stated that it found that Clary's identification was reasonable and credible because he was familiar with Gray.

*Ineffective Assistance of Counsel Allegations*

At the sentencing hearing, the prosecutor presented the proposed written findings of fact and conclusions of law. Gray's counsel responded that they were not prepared to proceed and that Gray wanted to dispute the proposed findings and conclusions. Gray advised the court that he wanted to dispute some of the facts in the statement of probable cause that were based on an inaccurate police incident report.

The trial court explained to Gray that the purpose of the probable cause statement was to establish whether there was probable cause for the charge and that it had no effect on the conviction. The court also clarified that the only evidence that it relied on in reaching its verdict was the testimony and the video and still images.

Gray then told the court that he wanted to read something while he had the court's attention. Gray noted his constitutional right to effective assistance of counsel and stated that his

4

current defense counsel had provided ineffective assistance because he had failed to conduct any investigation and was unprepared for trial.

After describing what he believed to be defense counsel's failures to investigate and to provide advice, Gray stated,

> *I would like to make the Court aware that I am filing a motion for appeal.* My attorney and I have spoken about this and I'm not sure how far along he is with it. [Counsel] and I do not see eye to eye, and I have several issues on how my case was handled. I am in the process of filing a complaint with the Washington State Bar Association and *would ask the courts to appoint me new counsel moving forward with my motion to appeal.* I'm entitled to a new trial under cumulative error doctrine[.]

RP (May 3, 2024) at 33-34 (emphasis added). Gray did not ask the trial court to do anything regarding the ineffective assistance of counsel allegations beyond appointing new counsel to file a notice of appeal.

Gray then described issues he had with the police report, the video, the affidavit of probable cause, the identification procedure, and the evidence presented at trial. He emphasized, "I've been wrongfully convicted of this crime." RP (May 3, 2024) at 36.

The trial court stated,

> I am going to treat his motion today -- or what he said today as a motion to arrest judgment, and I'm going to at this time deny it. That just means that I'm denying it now. You still have a right to appeal, and I'm going to get to that and talk to you more about that in just a moment, okay?

RP (May 3, 2024) at 39. The court then sentenced Gray.

Gray appeals his conviction and the trial court's decision on his motion at sentencing.

ANALYSIS

A.    SUFFICIENCY OF EVIDENCE

Gray argues that Clary's testimony was insufficient to prove that Gray was the person who had attempted to steal Acosta's vehicle. We disagree.

1. Legal Principles

The standard of review for a sufficiency of the evidence claim following a bench trial conviction requires us to consider the evidence in the light most favorable to the State and to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Roberts*, 5 Wn.3d 222, 231, 572 P.3d 1191 (2025). We "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *Id*. at 234. And unchallenged findings of fact are verities on appeal. *State v. Johal*, 33 Wn. App. 2d 408, 413, 561 P.3d 1235, *review denied,* 4 Wn.3d 1028 (2025).

"A lay witness may give opinion testimony [regarding the identity of a person] if it is rationally based on perception and helpful to a clear understanding of the evidence." *State v. Collins*, 152 Wn. App. 429, 436, 216 P.3d 463 (2009). Identity testimony is helpful " 'at least when the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess, and when the photographs are not either so unmistakenly clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification.' " *Id*. at 437-38 (quoting *United States v. Jackman*, 48 F.3d 1, 4-5 (1st Cir. 1995)).

2. Sufficient Evidence of Identity

Clary testified that he was able to identify the man in the video and still images as Gray. The trial court made unchallenged findings that Clary was familiar with Gray because of multiple contacts he had with Gray in the previous few years. The court found Clary's testimony and identification to be credible because of his familiarity with Gray and relied on this testimony in finding Gray guilty. Taking this evidence in the light most favorable to the State, Clary's

testimony was sufficient to allow a rational trier of fact to find that Gray was the person in the video beyond a reasonable doubt.

Gray makes several arguments to support his claim that substantial evidence did not support the trial court's finding of fact 1.18, that "Sgt. Clary was able to identify the suspect as the defendant, Travis Gray." CP at 10.

First, Gray argues that Clary's identification was inadequate because he did not mention any physical features about the person in the video and still images that permitted him to conclude that the person was Gray. But the cases that Gray cites do not require that a witness identify the specific features that permitted the identification. Clary explained why he was familiar with Gray – his multiple contacts in the previous few years.

Second, Gray argues that Clary did not in fact identify the man in the images as Gray, but instead assumed that the man was Gray because he knew that Gray had a propensity to commit similar crimes. Gray asserts that Clary's testimony was equally consistent with two inferences: that Clary accurately identified Gray based on unstated physical features or that he identified Gray based on his knowledge that Gray tended to commit the type of crimes shown in the video.

But as noted above, Clary explained the basis for his identification of Gray – his multiple contacts with Gray. There is no indication in Clary's testimony that his identification was based on his knowledge that Gray had the propensity to commit similar crimes. Instead, the testimony about Gray's prior crimes was necessary to establish Clary's familiarity with Gray and to provide a basis of his identification. And the trial court's unchallenged findings of fact clearly establish that the trial court considered the evidence of Clary's prior contacts with Gray to be relevant for that purpose and not as propensity evidence.

Gray relies on a statement in *State v. Jameison* that "[w]hen evidence is equally consistent with two hypotheses, the evidence tends to prove neither." 4 Wn. App. 2d 184, 198, 421 P.3d 463 (2018). But *Jameison* addressed whether a finder of fact can infer additional facts based on established facts, not whether a finder of fact can infer the basis of a witness's testimony. So Gray does not establish that the trial court relied on speculative evidence.

Third, Gray argues that the trial court's statement that it would be difficult for anyone to identify the man in the video and still images undermines the court's finding that Clary was able to identify Gray in the images. But the mere acknowledgement that identification would be difficult does not demonstrate that the court believed no one could identify the person in the videos. Based on his familiarity with Gray, Clary was in a far better position than the court to identify Gray as the person in the video. The court found this evidence credible and gave it weight, and we will not review the court's credibility and weight determinations. *Roberts*, 5 Wn.3d at 234.

Fourth, Gray emphasizes that the person Acosta saw and the person in the video had a white beard, when Gray did not. But Clary identified Gray, so at best there was conflicting evidence. We must view the evidence in the light most favorable to the State. *Id.* at 231.

Finally, Gray notes that Clary's testimony about Gray's prior crimes would be inadmissible propensity evidence under ER 404(b). But Gray did not object to that testimony based on ER 404(b). And even under ER 404(b), Clary's testimony was admissible because it served a different purpose than propensity – to establish Clary's familiarity with Gray.

We hold that the evidence was sufficient to prove that Gray was the person who attempted to steal Acosta's vehicle.

B.     FAILURE TO ADDRESS INEFFECTIVE ASSISTANCE OF COUNSEL ALLEGATION

Gray argues that the trial court erred when it denied his ineffective assistance of counsel claim without any inquiry into his claim. We disagree.

Gray mischaracterizes the record. Gray did not make an ineffective assistance of counsel "claim." He did not ask the trial court for a new trial based on ineffective assistance of counsel. Instead, he mentioned ineffective assistance of counsel only in the context of requesting new counsel to assist him with an appeal, in which he planned to raise an ineffective assistance of counsel claim. But he never expressly requested that the court address his ineffective assistance of counsel allegations.[1]

Gray argues that the trial court improperly treated his statements as a motion to arrest judgment. However, Gray's comments were not limited to ineffective assistance of counsel. He also raised a number of issues, including the sufficiency of the evidence, and concluded by saying that he had been wrongly convicted. Given the nature of Gray's comments, we do not fault the court for interpreting Gray's various comments as a motion to arrest judgment.

Because there was no ineffective assistance of counsel claim for the trial court to address, we hold that the court did not err when it did not address Gray's allegations.

CONCLUSION

We affirm Gray's conviction.

---

[1] Gray is free to make an ineffective assistance of counsel claim in a personal restraint petition.

No. 59517-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
GLASGOW, J.

_____
CHE, J.